UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>                                      Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION, a Maryland corporation,<br><br>                                      Defendant. | Civil No.   06cv1572-BTM (CAB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL** |

On January 22, 2007, the Court held a telephonic discovery hearing on Defendant's motion to compel supplemental responses to Requests for Admission, Set One, Nos. 1-73. Defendant submitted moving papers directly to chambers on January 17, 2007. Plaintiff submitted a response directly to chambers on January 18, 2007. Michael Kaler, Esq., and Melody Kramer, Esq., appeared for Plaintiff. Raymond Niro, Jr., Esq., Allison Goddard, Esq., and Dina Hayes, Esq., appeared for Defendant. Having considered the submissions of the parties and the arguments of counsel, Defendant's motion is GRANTED IN PART and DENIED IN PART.

Plaintiff objected to a number of requests on the basis that it did not have personal knowledge of the facts set forth in the requests and could not therefore respond. A party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him. *Asea, Inc. v. Southern Pacific*

*Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir. 1982).  An answering party must "make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control."  *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 254 (C.D. Cal. 2006).  That inquiry may include non-parties when there is some identity of interest manifested, such as a present or prior relationship of mutual concerns or active cooperation in the litigation.

With regard to Requests for Admission Nos. 14, 15, 20, 23, 24, 26, 29, 30, 32, 35, 36, 39, 42, 43 and 50, it appears that the information would be within the knowledge of Jens Ole Sorensen, personally and as former president of Primtec.  Although Mr. Sorensen is not a named party in this litigation, he has regularly appeared as Plaintiff's party representative, is actively involved in the litigation and has an ongoing relationship with Plaintiff.  A "reasonable inquiry" extends to Mr. Sorensen's personal knowledge due to that relationship and his active cooperation and participation on behalf of Plaintiff in this litigation.  Plaintiff is therefore ordered to inquire of Mr. Sorensen and supplement its responses to Requests for Admission Nos. 14, 15, 20, 23, 24, 26, 29, 30, 32, 35, 36, 39, 42, 43 and 50.

With regard to Requests for Admission Nos. 52-65 and 67, Plaintiff admitted the requests but only as to its personal knowledge.  If information was reasonably available to Plaintiff that would have resulted in a denial of the request, Plaintiff's election not to make the reasonable effort to inquire timely may result in the request being deemed admitted should Plaintiff later try to introduce contrary information absent a showing of good cause.

With regard to Requests for Admission Nos. 66, 72 and 73, the Court finds the responses vague and inconsistent and orders Plaintiff to serve supplemental responses clarifying its position.

///
///
///
///
///

Defendant's motion to compel supplemental responses to all other Requests for Admission in Set One is DENIED.

**IT IS SO ORDERED.**

DATED: January 26, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge