# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>    Plaintiff,<br><br>vs.<br><br>THE BLACK & DECKER CORPORATION,<br><br>    Defendant. | CASE NO. 06cv1572 BTM (CAB)<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. #18]**<br><br>**(2) GRANTING PLAINTIFF'S MOTION TO JOIN ADDITIONAL PARTIES AND FILE FIRST AMENDED COMPLAINT [Doc. #12];**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO STRIKE ANSWER [Doc. #9]; and**<br><br>**(4) DENYING PLAINTIFF'S MOTION TO NAME DEFENDANT DOES [Doc. #44]** |

On August 7, 2006, Plaintiff Jens Sorensen, as Trustee of the Sorensen Research and Development Trust ("Sorensen"), filed a complaint against The Black & Decker Corporation ("Black & Decker") for infringement of its United States Patent No. 4,935,184 ("'184 patent"), which pertains to injection molding of hollow plastic products. The complaint alleges that Black & Decker has in the past, and does presently, make, import, sell or offer for sale products for which the two plastic component external shells are manufactured through processes which incorporate all elements of the '184 patented process. The complaint lists

approximately 150 products, which it alleges are sold by Black & Decker under one of its brand names.[1]

On September 18, 2006, after Black & Decker filed its answer to Plaintiff's complaint, Plaintiff moved to strike Black & Decker's answer claiming that it failed to properly respond to the allegations in the complaint. On September 29, Black & Decker filed an amended answer to Plaintiff's original complaint, which addressed these purported inadequacies.

Meanwhile, on September 26, 2006, Plaintiff filed a motion to join additional parties and to file a first amended complaint incorporating those parties. In particular, Plaintiff moved to add: Black & Decker, Inc.; Black & Decker (U.S.), Inc.; Porter-Cable Corporation; Vector Products, Inc.; and DOES 1-1000. In connection with its motion, Plaintiff filed a first amended complaint. Black & Decker has opposed this motion claiming that the only proper defendant party in this action is Black & Decker (U.S.), Inc., which does manufacture and sell a number of the products that Sorensen alleges infringe the '184 patent.

In connection with this opposition, Black & Decker also filed a motion for summary judgment of non-infringement on October 2, 2006. In its motion, Black & Decker argues that it is merely a holding company which does not make, use, sell, offer to sell or import into the United States any products, including those that Sorensen alleges infringes its patent. Black & Decker indicates that it offered Plaintiff the opportunity to substitute the proper party, Black & Decker (U.S.), Inc., but its offer was rebuffed. Plaintiff has opposed this motion claiming that genuine issues remain as to the material facts regarding the true nature and extent of Black & Decker's operations, and has requested more time to conduct discovery on Black & Decker's corporate structure.

All three of these motions were set for hearing on November 3, 2006 and the Court took the motions under submission at that time. While these motions were pending, on December 13, Plaintiff filed a motion to name two of the DOE defendants that it had moved to add as additional parties in a first amended complaint. In particular, Plaintiff's motion

---

[1] Plaintiff has since filed three notices of newly discovered products, which it alleges infringe the '184 patent, making the total number of accused products in excess of 200.

seeks to name DOES 1 and 2 as Phillips Plastics Corporation and Hi-Tech Plastics, respectively. Black & Decker indicated that it did not oppose adding these two parties, but it did object to Plaintiff's procedural method of moving to name DOES in a first amended complaint that had not yet been approved for filing by the Court. This final motion was set for hearing on February 2, 2007. The Court, having considered all of the arguments presented in the parties' filings, now issues the following order pertaining to the four pending motions in this case.[2]

## I.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT

Defendant Black & Decker has filed a motion for summary judgment arguing that it is not properly a party to the patent infringement suit brought by Sorensen. For the reasons set forth below, this motion is **DENIED**.

### A.  Background

Sorensen's patent infringement suit alleges that Black & Decker has and continues to infringe the '184 patent through the manufacture, import, offer for sale and/or sale of certain plastic components used in more than 200 products. Specifically, Sorensen alleged that Black & Decker directly infringed the patent, induced patent infringement, and also contributed to patent infringement under 35 U.S.C. § 271(a)-(c).

Black & Decker has argued that it is merely a holding company maintaining the intangible assets of its many subsidiaries and does not make, sell, offer for sale, or import into the United States any products whatsoever. Instead, Black & Decker contends that Black & Decker (U.S.), Inc., a wholly owned, separate and distinct legal subsidiary, manufactures the accused products and is the proper Defendant.

### B.  Legal Standard

Summary judgment is appropriate if the moving party demonstrates that "the

---

[2] Black & Decker had filed a request that the Court hear oral argument on its motion for summary judgment of non-infringement. However, the Court has determined that oral argument would not aid the Court in its determination. Accordingly, Black & Decker's request is denied.

pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c)); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. See Anderson, 477 U.S. at 248; Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Although the nonmoving party bears the burden of proof on a matter at trial, the moving party must demonstrate to the Court that there is insufficient evidence to support the nonmoving party's case. Id. at 325. The moving party, after allowing adequate time for discovery, can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proof at trial. See Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. See Celotex, 477 U.S. at 324. The nonmoving party cannot rest on the mere allegations or denials of his pleading, but must "go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" Id. (citing Fed. R. Civ. P. 56(c)). When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fontana v. Haskin, 262 F.3d 871, 876 (9th Cir. 2001). The court must not weigh the evidence or make credibility

determinations in evaluating a motion for summary judgment. See Anderson, 477 U.S. at 255.

### C. Direct Patent Infringement

To prove liability for direct patent infringement, Sorensen must show that Black & Decker either: (1) makes, uses, offers to sell, sells, or imports products that use the '184 patent process without authorization; or (2) controls similar conduct undertaken by its subsidiaries such that it justifies piercing the corporate veil. See Tegal Corp. v. Tokyo Elec. Co., Ltd., 248 F.3d 1376, 1379 (Fed. Cir. 2001) ("In the absence of evidence showing that the parent company either was an alter ego of the subsidiary or controlled the conduct of the subsidiary, we refused to find direct infringement."). Although Black & Decker maintains it does neither of these, Sorensen has presented significant evidence contradicting these contentions.

Sorensen has presented sufficient evidence showing Black & Decker's manufacturing, use, sale, offers to sell, or importation of products using the '184 patent process to present a genuine issue of material fact. First, it appears Black & Decker has represented in federal court that, through its subsidiaries, it indeed does design, manufacture, and sell home products and power tools. (Ex. A to Kramer Decl.; Techtronic Complaint at ¶ 2.) Second, on its worldwide website, Black & Decker publicly presents itself as "a global marketer and manufacturer of quality products" and the "world's largest producer of power tools and accessories." (Exs. G and H to Kramer Decl.) Further, the website markets Black & Decker products, contains links to retail outlets selling their products, and even directly sells Black & Decker products. (Ex. F to Kramer Decl.) Third, and most persuasive on the matter, is Black & Decker's own 2005 10-K SEC filing, which states that it is "a leading global manufacturer and marketer" and "one of the world's leading producers" of power tools and accessories. (Ex. B to Kramer Decl. at 1.)

Additionally, Sorensen has also demonstrated that there is a genuine issue of material fact as to whether Black & Decker controls the manufacturing, use, or sales activities of its subsidiaries. There is apparently significant overlap in officers and directors between Black

& Decker and its subsidiary Black & Decker (U.S.), Inc., which directly impugns express contentions to the contrary by Black & Decker in this case. (See Kramer Decl. at ¶¶ 29-34 and referenced exhibits.) More importantly, Black & Decker has admitted in its amended answer that it "controls the quality of products sold under its trademarks," though the extent of that "control" is not clear. (9/29/06 Amended Answer at ¶ 20.)

Taking the proffered evidence together, Sorensen has met his burden in defending against summary judgment on direct infringement. The evidence raises significant questions of fact about Black & Decker's own manufacturing and sales activities as well as its corporate structure, in particular, its managerial control over similar activities conducted by its subsidiaries. Further, the evidence appears to directly contradict certain statements made by Black & Decker in its papers, casting further doubt on its true corporate structure. Additionally, the Court is persuaded that this motion was filed prematurely because, when considering the relative youth of this case, the nature of the claims made, the evidence discussed above, and the fact that no discovery had been conducted at the time of its filing, it is apparent that Sorensen should be allowed a greater opportunity to conduct discovery and develop his positions. Fed. R. Civ. P. 56(f); Celotex, 477 U.S. at 322. Accordingly, the Court finds there is a material issue of fact as to Black & Decker's involvement in conduct that may directly infringe upon the '184 patent.

D.   Inducement and Contributory Patent Infringement

Liability for inducement of patent infringement under 35 U.S.C. § 271(b) requires Plaintiff to demonstrate that: (1) there was a direct infringement upon the '184 patent; and (2) Black & Decker knowingly induced that infringement and possessed the specific intent to encourage infringement. Minnesota Mining and Manufacturing Co. v. Chemque, Inc., 303 F.3d 1294, 1304-05 (Fed. Cir. 2002). As noted above, Plaintiff Sorensen has presented sufficient proof such that there is a genuine issue of material fact as to the predicate act of direct infringement by Black & Decker, or one of its subsidiaries. Further, although Sorensen presents no specific evidence outside his averments in the complaint as to the second element for inducing infringement, discovery had just begun when this motion was filed.

Consequently, it would be unjust to grant summary judgment in favor of Black & Decker on this issue when, given that Sorensen's claims directly implicate internal Black & Decker management schematics, more discovery is justifiably needed to present a fuller argument. Fed. R. Civ. P. 56(f); Celotex, 477 U.S. at 322.

Under 35 U.S.C. § 271(c), "[w]hoever offers to sell or sells within the United States . . . a component of a patented machine, manufacture, combination or composition . . . constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." To prevail on a claim of contributory infringement, Sorensen must prove that Black & Decker provides components knowing that "the combination for which its components were especially made was both patented and infringing." Golden Blount, Inc. v. Robert H. Peterson Co., 365 F.3d 1054, 1061 (Fed. Cir. 2004). Sorensen must also show that such components have no substantial non-infringing uses. Id. For the same reasons that granting summary judgment upon the inducement of infringement allegation is inappropriate at this time, summary judgment cannot be granted upon the contributory infringement claim. Plaintiff is entitled to substantial discovery in order to permit him to make a more full showing of Black & Decker's potential involvement in allegedly infringing conduct.

F.   Conclusion

The Court finds that genuine issues of material fact exist regarding Black & Decker's involvement in the manufacturing, use, marketing and/or sale of products that allegedly infringe the '184 patent, or its possible inducement of or contribution to any such infringing conduct. Accordingly, Defendant Black & Decker's motion for summary judgment of non-infringement is **DENIED** without prejudice. Defendant's arguments, if supported upon a full record after sufficient time for discovery, may properly be addressed to the Court in a subsequent motion for summary judgment. In addition, the Court would expect that, if Plaintiff's discovery of Black & Decker's corporate structure reveals that Defendant's claims are true, Plaintiff is likely to voluntarily dismiss those Black & Decker entities uninvolved in

the manufacture, marketing or sale of the allegedly infringing products.

## II. PLAINTIFF'S MOTION TO JOIN ADDITIONAL PARTIES AND FILE A FIRST AMENDED COMPLAINT INCORPORATING THOSE PARTIES

Plaintiff Sorensen has moved to join additional parties as defendants in this action and to file a first amended complaint incorporating those new parties. In particular, Plaintiff moved to add entities, alleged to be subsidiary corporations of Black & Decker, which it claims are involved in the infringing conduct: Black & Decker, Inc.; Black & Decker (U.S.), Inc.; Porter-Cable Corporation; Vector Products, Inc.; and DOES 1-1000. Plaintiff requests that the DOE defendants be included to accommodate the later discovery of additional Black & Decker subsidiary corporations and operating entities that may need to be named.[3]

Federal Rule of Civil Procedure 15(a) requires that leave to amend a complaint be "freely given when justice so requires." See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (Rule 15(a) amendment policy "is to be applied with extreme liberality"). Plaintiff has fairly argued that justice requires this Court grant him the right to name additional defendants, which he alleges are subsidiary corporate entities of the originally named defendant. Plaintiff alleges that these corporate entities are involved in the patent infringement at issue in this case. Defendant claims that only Black & Decker (U.S.), Inc., and no other Black & Decker entity, including itself, is involved in the potentially infringing conduct and, thus, amendment of the complaint to name any other parties would be futile. For the same reasons expressed above in denying Defendant's motion for summary judgment, particularly the uncertainty of Black & Decker's corporate structure, the Court cannot find that Plaintiff's amendment to add parties other than Black & Decker (U.S.), Inc. would be futile.[4]

---

[3] As explained in the introduction, Plaintiff has already moved to name two such DOE defendants.

[4] If Defendant's statements regarding the Porter-Cable Corporation are correct, and it really is not a corporate entity, any concerns about the impropriety of adding it as a defendant should evaporate when Plaintiff is unable to serve its summons because no such entity exists to serve.

In addition, Black & Decker objects to the addition of DOES 1-1000 on the ground that the present action, which is brought upon a claim of patent infringement, is not appropriate for the "DOE" procedure because there are no privacy concerns here and such pleading is not necessary to prevent the running of the statute of limitations.[5]  While "DOE" pleading is not specifically allowed under the Federal Rules of Civil Procedure, many courts have allowed the practice.  The courts have recognized that "where the identity of alleged defendants will not be known prior to the filing of a complaint . . ., the plaintiff should be given an opportunity through discovery to identify the unknown defendants."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); accord Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (applying Gillespie); c.f. C.D. Cal. Civ. R. 19-1 (permitting filing of complaints with up to 10 unnamed DOES).  The Court finds that Plaintiff's inability to identify certain defendants prior to discovery is understandable in this instance and will permit the amended complaint to include DOES 1-1000.

Accordingly, Plaintiff's motion to join additional parties is **GRANTED**.  Plaintiff is directed to promptly file a first amended complaint and effect service of the amended complaint on all parties.[6]  The proper form for the amended complaint will be addressed below in Section V.

### III.  PLAINTIFF'S MOTION TO STRIKE ANSWER AND DEEM AVERMENTS ADMITTED

Plaintiff had previously moved to strike Defendant Black & Decker's original answer because its responses were insufficient.  However, as was outlined in the introductory section above, Defendant filed an amended answer eleven days after Plaintiff filed this motion.  As Plaintiff recognized in its October 17, 2006 reply brief, Defendant's amended

---

[5] This objection was made, in part, in Defendant's opposition to this motion and, in part, in Defendant's opposition to Plaintiff's motion to name DOES 1 and 2, which is addressed below.

[6] Plaintiff's filing of a first amended complaint on Septenber 26, 2006 was without legal effect because it was without authority to do so.  That filing shall be struck.

1  answer provided the relief sought in Plaintiff's motion and, therefore, rendered the motion
2  moot. Accordingly, the Court **DENIES** Plaintiff's motion as moot.
3
4  **IV.    PLAINTIFF'S MOTION TO NAME DEFENDANT DOES 1 AND 2**
5  Plaintiff has moved to name Defendant parties previously identified as DOES 1 and
6  2 in its proposed first amended complaint.  In particular, Plaintiff's motion seeks to name
7  DOES 1 and 2 as Phillips Plastics Corporation and Hi-Tech Plastics.  The motion is based
8  upon Plaintiff's discovery that these corporations are involved in manufacturing the allegedly
9  infringing Black & Decker products.  Defendant Black & Decker, while indicating that it does
10 not oppose adding these two parties, does object to Plaintiff's procedural method of moving
11 to name DOES in a first amended complaint that has not yet been approved for filing by the
12 Court.  As the Court has ruled above that Plaintiff's previously filed First Amended Complaint
13 shall be struck and has granted Plaintiff's motion to properly file an amended complaint, this
14 motion to name DOES has been rendered moot.  Plaintiff, if he wishes, may add these
15 parties as named defendants in his new amended complaint.  Accordingly, Plaintiff's motion
16 is **DENIED** as moot.
17
18 **V.    CONCLUSION**
19 Defendant Black & Decker's motion for summary judgment [Doc. #18] is **DENIED**
20 without prejudice to its ability to file a renewed summary judgment motion upon these
21 grounds after allowing Plaintiff sufficient time for discovery.  Plaintiff's motion to strike
22 Defendant's answer [Doc. #9] is **DENIED** as moot.
23 The First Amended Complaint filed on September 26, 2006 [Doc. #13] shall be struck
24 as prematurely filed.  Plaintiff's motion to name Defendant DOES 1 and 2 [Doc. #44] is
25 **DENIED** as moot.  Plaintiff's motion to join additional parties and file a first amended
26 complaint [Doc. #12] is **GRANTED**. Plaintiff is therefore directed to promptly file an amended
27 complaint within 20 days hereof which: (1) includes as named Defendants those entities
28 identified in Plaintiff's motion for joinder of additional parties, specifically Black & Decker, Inc.,

Black & Decker (U.S.), Inc., Porter-Cable Corporation, Vector Products, Inc., and unnamed Defendant DOES 1-1000; and (2) may include as named Defendants Phillips Plastics Corporation and Hi-Tech Plastics.  Plaintiff is directed to serve the amended complaint upon all parties to this action.

**IT IS SO ORDERED.**

DATED:  February 23, 2007

*[signature]*

Hon. Barry Ted Moskowitz
United States District Judge