UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION, a Maryland corporation,<br><br>Defendant. | Civil No.   06cv1572-BTM (CAB)<br><br>**ORDER FOLLOWING 2-8-07 DISCOVERY CONFERENCE, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL** |

Before the Court is Plaintiff Sorensen Research and Development Trust's ("Sorensen") motion to compel further responses to discovery. Plaintiff submitted briefs directly to chambers on January 29, 2007 and February 3, 2007. Defendant Black & Decker Corporation ("B&D") submitted an opposition brief directly to chambers on February 5, 2007. The Court held a telephonic conference on February 8, 2007. Michael Kaler, Esq., and Melody Kramer, Esq., appeared for Plaintiff. Raymond Niro, Jr., Esq., and Allison Goddard, Esq., appeared for Defendant. The Court issued an oral order granting in part and denying in part Plaintiff's motion. Additional matters were taken under submission. The Court finds those matters suitable for determination on the papers and without need for further oral argument in accordance with Civil Local Rule 7.1(d)(1). Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART.

///

///

## BACKGROUND

On August 7, 2006, Sorensen sued B&D for infringement of United States Patent No. 4,935184 ("the '184 patent"). B&D asserted the affirmative defenses of laches and equitable estoppel. Plaintiff propounded discovery directed at Defendant's laches and equitable estoppel defenses.[1] Defendant objected to numerous of the plaintiff's requests on the basis of attorney-client privilege.[2] Sorensen argues the requests either did not implicate the privilege or the privilege was waived by the assertion of the defenses and supplemental responses should be ordered.

In the telephonic conference held on February 8, 2007, the undersigned magistrate judge found that the assertion of the affirmative defenses of laches and equitable estoppel did not inject advice of counsel into the case and waive Defendant's privilege. The Court rejected Sorensen's argument that it is entitled to inquire into advice B&D received from counsel, to determine whether B&D actually relied on the actions, or inactions, of Sorensen.

With regard to the defense of laches, reliance is not an element. The two elements of the defense are: (1) whether the patentee's delay in bringing the suit was unreasonable and inexcusable; and (2) whether the alleged infringer suffered material prejudice attributable to the delay. *A.C. Aukerman Co. v. Chaides Construction Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992). Laches is about the actions of the

---

[1] On February 2, 2007, B&D filed a motion for summary judgment on the defense of laches. Plaintiff then filed a motion to compel further laches discovery to respond to Defendant's summary judgment motion that was addressed directly to the District Judge and was denied. [Doc. No. 76.]

[2] In response to certain Interrogatories, B&D served multiple objections; however, without waiving its objections, Defendant generally responded that it would produce documents, pursuant to Fed. R. Civ. P. 33(d), from which Plaintiff could distill the information it seeks in these interrogatories.

Fed. R. Civ. P. 33(d) permits a party to respond to an interrogatory by specifying the records from which the answer may be obtained and making those records available for inspection and copying. But the records must be specified in sufficient detail to permit the interrogating party to locate and to identify, as readily as the party served, the records from which the answer may be obtained. The responding party has a duty to specify, by category and location, the records from which the answer can be derived. *Rainbow Pioneer # 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983). If the records are voluminous, the responding party must produce an index designed to guide the searcher to the documents responsive to the interrogatories. *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 277-78 (C.D. Cal. 1999).

Defendant did not comply with Rule 33(d), because Defendant's response does not specify where in the records produced Plaintiff could find the answers to the Interrogatories at issue. It is not sufficient to state the answer can be located amongst the documents to be produced by B&D. On February 8, 2007, the Court ordered B&D to supplement, with the required specificity, those responses for which it indicated it was relying upon Rule 33(d).

patentee, not the state of mind of the accused infringer. It focuses on the reasonableness of the plaintiff's delay and the consequences of it. The defendant does not have to prove he relied upon the plaintiff's inaction. *Chamberlain Group v. Interlogix, Inc.*, 2002 U.S. Dist. LEXIS 5468, *5 (N.D, Ill. Mar. 26, 2002) (assertion of laches does not waive attorney-client privilege because it does not require inquiry into defendant's state of mind).

Equitable estoppel, in contrast, does focus on upon the reasonableness of the defendant's conduct. The defense of equitable estoppel requires the defendant prove that: (1) the patentee, through misleading conduct, lead the defendant to reasonably infer that the patentee does not intend to enforce the patent against the defendant; (2) that the defendant relied upon the patentee's conduct; and (3) that due to the reliance the defendant will be materially prejudiced if the patentee is permitted to proceed with the infringement suit. *ABB Robotics, Inc. v. GMFanuc Robotics Corp.*, 52 F.3d 1062, 1063 (Fed. Cir. 1995).

Unlike in the defense of laches, reliance is an element of the defense of equitable estoppel. The defendant must have had a relationship or communication with the patentee that lulled it into a sense of security to go ahead with its actions. The defendant must show that it substantially relied upon the misleading conduct of the patentee in connection with taking some action. *Aukerman,* 960 F.2d at 1042-43.

Sorensen contends that B&D relied upon the advice of its own counsel, not the conduct of the patentee, in deciding to go ahead with production of the accused products. Sorensen argues that by asserting equitable estoppel, B&D necessarily waived the attorney-client privilege because Sorensen is entitled to investigate whether B&D's actions were the result of an independent decision based on advice of counsel and not in reliance on the conduct of the patentee. Sorensen relies upon *THX America Inc. v. NSK Co. Ltd.*, 157 F.R.D. 637, 650 (N.D. Ill. 1993), which found an implied waiver of the privilege based on the assertion of the estoppel defense.

The reasoning in *THX America* has been subsequently rejected. "*THX America* relied only on the relevancy of the attorney-client communications to the equitable estoppel defense in finding an implicit waiver of the attorney-client privilege." *Chamberlain Group,* 2002 U.S. Dist. LEXIS 5468, *9. The patentee sought discovery of the alleged infringer's attorney-client communications, because those

opinions could be relevant to refute the equitable estoppel defense. "Advice of counsel is not 'in issue' because it is relevant." *Id.* at *11. *See also Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851, 864 (3d Cir. 1994) (rejecting automatic waiver of privilege because attorney's opinion is relevant to claim or defense). The privilege is waived only when a party chooses to utilize the information to advance a claim or defense. B&D does not assert advice of counsel as a defense, and it has not used attorney-client communications to prove this defense. B&D has not waived the attorney-client privilege, and its attorney opinions on the patent at issue are not discoverable. *Id.*

Substantial reliance on the conduct of the patentee (*e.g.*, an apparent abandonment of an infringement claim) is not negated by the fact that the alleged infringer may have relied in part on the advice of counsel regarding infringement and/or validity of the patent. *See Wafer Shave, Inc. v. Gillette Co.*, 857 F. Supp. 112, 123 (D. Mass 1993), *aff'd without op.*, 26 F.3d 140 (Fed. Cir. 1994). Continued sales of the allegedly infringing products can constitute reliance in the circumstance where the patentee was undoubtedly aware that the alleged infringer was continuing to invest heavily in the sale of products and the alleged infringer has been led to believe that the patentee has abandoned its infringement claims. *See Arctic Cat, Inc. v. Injection Research Specialists, Inc.*, 362 F. Supp. 2d 1113, 1125 (D. Minn. 2005). A defendant's failure to take affirmative actions to protect itself from an infringement suit may be evidence of reliance. *Id.* at 1124. An alleged infringer that believes its devices do not infringe, based on its own investigation or the opinion of counsel, may still have also relied upon the inaction of the patentee and therefore assert the defense of equitable estoppel. *Forest Laboratories, Inc. v. Abbott Laboratories*, 1999 WL 33299123, *19 (W.D.N.Y. June 23, 1999).

The Court confirms its oral decision that the assertion of the defenses of laches and equitable estoppel does not waive the attorney-client privilege. Finding no waiver of the attorney-client privilege, the Court reviewed the discovery propounded by Sorensen and B&D's responses to determine if supplemental responses were required. Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART** as discussed below.

///

///

///

# DISCOVERY AT ISSUE

## B&D's Responses to Sorensen's Second Set of Interrogatories (Nos. 2-13)

Interrogatory No. 2

> Describe in detail any review process utilized by Black & Decker, including any patent clearance process, for determining potential patent infringement issues prior to initiation production of each of the Accused Products that first went into production during the time period from December 1, 1994 through December 31, 1998.

B&D's objection based on attorney-client privilege and Patent Local Rule 2.5(d) is sustained. Sorensen's motion to compel a further response is DENIED.

Interrogatory No. 3

> Identify each and every Accused Product that was approved for production during the time period from January 1, 1994 through December 3, 1998, inclusive.

B&D's objection based on attorney-client privilege and Patent Local Rule 25(d) is sustained in so far as the interrogatory implies legal "approval." Sorensen's motion to compel a further response was GRANTED IN PART, orally on February 8, 2007, and B&D was ORDERED to identify the initial production dates for each Accused Product. If B&D's supplemental response remains outstanding, it must be served no later than **two weeks** after the date of this order. To the extent B&D relies upon Rule 33(d) to respond to this request the supplemental answer must comply with the rule. (See footnote 2, *supra*.)

Interrogatory No. 4

> Identify each and every Accused Product for which the design process was ongoing for any portion of the time period from January 1, 1994 through December 31, 1998, inclusive.

B&D objected on the grounds the request was vague and ambiguous. The parties were to meet and confer on the subject matter of this request. The status of the meet and confer is unknown. The motion to compel a further response is DENIED without prejudice.

Interrogatory No. 5

> Identify the initial production date for each of the Accused Products.

The privilege was not implicated in this request. On February 8, 2007, B&D was ORDERED to supplement its response to this request to comply with Rule 33(d) (see footnote 2, *supra*). If B&D's

supplemental response remains outstanding, it must be served no later than **two weeks** after the date of this order.

<u>Interrogatory No. 6</u>

> Identify each fact, document, and/or witness that relates to Black & Decker's proof of the element of laches – that any purported delay in bringing suit for infringement of the '184 patent was unreasonable and inexcusable.

B&D's objection based on attorney-client privilege was sustained; however, Sorensen's motion to compel a further response was GRANTED IN PART, orally on February 8, 2007, and B&D was ORDERED to supplement its response to this request to comply with Rule 33(d) (see footnote 2, *supra*). If B&D's supplemental response remains outstanding, it must be served no later than **two weeks** after the date of this order.

<u>Interrogatory No. 7</u>

> Identify each fact, document, and/or witness that relates to Black & Decker's proof of the element of laches – that the allege infringer suffered material prejudice attributable to the delay.

B&D's objection based on attorney-client privilege was sustained; however, Sorensen's motion to compel a further response was GRANTED IN PART, orally on February 8, 2007, and B&D was ORDERED to supplement its response to this request to comply with Rule 33(d) (see footnote 2, *supra*). If B&D's supplemental response remains outstanding, it must be served no later than **two weeks** after the date of this order.

<u>Interrogatory No. 8</u>

> Identify each fact, document, and/or witness that relates to Black & Decker's proof of the first element of the defense of equitable estoppel – that the patentee, through misleading conduct, led the alleged infringer to reasonably infer that the patentee did not intend to enforce its patent against the alleged infringer. For purposes of this interrogatory, "conduct" includes any specific statements, action, inaction, or silence where there was an obligation to communicate.

B&D's objection based on attorney-client privilege was sustained; however, Sorensen's motion to compel a further response was GRANTED IN PART, orally on February 8, 2007, and B&D was ORDERED to supplement its response to this request to comply with Rule 33(d) (see footnote 2, *supra*). If B&D's supplemental response remains outstanding, it must be served no later than **two weeks** after the date of this order.

6

06cv1572

Interrogatory No. 9

Identify each fact, document, and/or witness that relates to Black & Decker's proof of the second element of the defense of equitable estoppel – that the alleged infringer relied on the conduct described in response to the foregoing Interrogatory.

B&D's objection based on attorney-client privilege was sustained; however, Sorensen's motion to compel a further response was GRANTED IN PART, orally on February 8, 2007, and B&D was ORDERED to supplement its response to this request to comply with Rule 33(d) (see footnote 2, *supra*). If B&D's supplemental response remains outstanding, it must be served no later than **two weeks** after the date of this order.

Interrogatory No. 10

Identify each fact, document, and/or witness that relates to Black & Decker's proof of the third element of the defense of equitable estoppel – that due to its reliance the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim.

B&D's objection based on attorney-client privilege was sustained; however, Sorensen's motion to compel a further response was GRANTED IN PART, orally on February 8, 2007, and B&D was ORDERED to supplement its response to this request to comply with Rule 33(d) (see footnote 2, *supra*). If B&D's supplemental response remains outstanding, it must be served no later than **two weeks** after the date of this order.

Interrogatory No. 11

Identify each fact, document, and/or witness that relates to Black & Decker's proof of its claimed affirmative defense of waiver.

Sorensen's motion to compel a further response was GRANTED IN PART, orally on February 8, 2007, and B&D was ORDERED to supplement its response to this request to comply with Rule 33(d) (see footnote 2, *supra*). If B&D's supplemental response remains outstanding, it must be served no later than **two weeks** after the date of this order.

Interrogatory No. 12

Identify each fact, document, and/or witness that relates to Black & Decker's proof of its claimed affirmative defense of unclean hands.

Sorensen's motion to compel a further response was GRANTED IN PART, orally on February 8, 2007, and B&D was ORDERED to supplement its response to this request to comply with Rule 33(d)

(see footnote 2, *supra*). If B&D's supplemental response remains outstanding, it must be served no later than **two weeks** after the date of this order.

Interrogatory No. 13

> Is your response to each request for admissions included in Plaintiff REQUESTS FOR ADMISSIONS TO DEFENDANT THE BLACK AND DECKER CORPORATION (SET TWO, NOS. 40-58) served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: (a) state the number of the request; (b) identify all facts upon which you base your response; (c) state the names, addresses, and telephone numbers of all persons who have knowledge of those facts; (d) identify all documents and other tangible things that support your response and state the name, address and telephone number of the person who has each document or thing.

B&D's objection based on attorney-client privilege is sustained; however, Sorensen's motion to compel further a response is GRANTED IN PART. Based on B&D's Supplemental Responses to Sorensen's Second Set of Requests for Admission, B&D is ORDERED to supplement its response with regard to RFAs Nos. 42, 43, 51, 52, 53, 54, 55, 57 and 58 and specifically if B&D relies upon Rule 33(d) in its supplemental response to comply with the specificity requirements (see footnote 2, *supra*). B&D's supplemental response must be served no later than **two weeks** after the date of this order.

**B&D's Responses to Sorensen's Second Set of Requests for Admission (Nos. 40-58)**

Requests for Admission 40-41

Sorensen's motion is moot as to Requests Nos. 40 and 41, which are admitted.

Requests for Admission 44-50

B&D's objections based on attorney-client privilege and Patent Local Rule 2.5(d) as to Requests Nos. 44, 45, 46, 47, 48, 49 and 50 are sustained. Sorensen's motion to compel further responses as to these RFAs is DENIED.

Requests for Admission 42, 43, 51-55, 57, 58

In light of B&D's denial or qualified denial of Requests Nos. 42, 43, 51, 52, 53, 54, 55, 57 and 58, B&D is ORDERED to supplement its Response to Interrogatory No. 13 (see above). Sorensen's motion to compel further responses to these RFAs is DENIED.

Request for Admission 56

B&D objected to Request No. 56 on the grounds it was vague and ambiguous. The parties are instructed to meet and confer on the subject matter of this request. The motion to compel further

1  responses is DENIED without prejudice.

2  **B&D's Responses to Sorensen's Second Set of Request for Production (Nos. 40-62)**

3  B&D's objections based on attorney-client privilege and Patent Local Rule 2.5(d) are sustained.
4  Sorensen's motion to compel the production of privileged documents in response to these document
5  requests is DENIED.

6  **B&D's Responses to Sorensen's Fourth Set of Request for Production (Nos. 74-115)**

7  B&D's objections based on attorney-client privilege and Patent Local Rule 2.5(d) are sustained.
8  Sorensen's motion to compel the production of privileged documents in response to these document
9  requests is DENIED.

10  **IT IS SO ORDERED.**

11  DATED: April 9, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge