UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION, a Maryland corporation,<br><br>Defendant. | Civil No.   06cv1572-BTM (CAB)<br><br>**ORDER FOLLOWING 5-7-07 DISCOVERY CONFERENCE** |

On May 7, 2007, the Court held a telephonic conference on the parties' cross-motions to compel further discovery responses. Michael Kaler, Esq., and Melody Kramer, Esq., appeared for Plaintiff Sorensen Research and Development Trust ("Sorensen"). Raymond Niro, Jr., Esq., Dina Hays, Esq., Greg Casimer, Esq., and Allison Goddard, Esq., appeared for Defendant Black & Decker ("B&D"). Bob Bender, Esq., appeared for Defendants Phillips Plastics Corp and Hi-Tech Plastics ("Phillips"). Having considered the submissions of the parties and the arguments of counsel, IT IS HEREBY ORDERED:

1. B&D will supplement its response to Sorensen's Interrogatory No. 3 regarding the maintenance of production dates for the accused products, no later than **May 14, 2007**.

2. Sorensen's motion to compel further response to Interrogatory No. 5 is DENIED.

1

3. B&D will supplement its response to Sorensen's Interrogatory No.13 and identify those documents supporting the denials of RFA Nos. 42, 43, 51, 53, 54, 55, 57 and 58, by identifying the documents specific to each denied RFA, no later than **May 14, 2007**.

4. Based on B&D's representation that it is withdrawing the reference to the Engel flood from its response to Interrogatory No. 6, Sorensen's motion to compel a further response is DENIED without prejudice.

5. Sorensen's motion to compel a further response to Interrogatory No. 6 regarding the identity of the B&D "business manager" is moot, and was withdrawn by Sorensen.

6. The parties withdrew without prejudice their motions with regard to the confidentiality designations of portions of the depositions of Mr. Bruner, Mr. Schiech and Mr. Sorensen in order to continue to meet and confer on these matters.

7. Sorensen will produce all correspondence and communications with actual or potential licensees of the '184 patent, from 1994 to the present, no later than **May 25, 2007**. If the volume of the production is such that it cannot be made in its entirety by May 25, Sorensen will commence production no later than that date and provide a schedule for the completion of the production. Any documents withheld based on privilege will be identified on a privilege log produced no later than the completion of the production.

8. B&D's request to reopen the deposition of Ole Sorensen for a second time based on Plaintiff's counsel's obstructive behavior and improper instructions is DENIED. Although the Court finds that counsel's behavior was inappropriate, particularly with regard to instructing the witness not to answer, the transcript indicates that the witness answered the questions. Counsel for Plaintiff, however, was admonished that should he instruct any witnesses at future depositions not to answer questions based on anything other than privilege, he

will be sanctioned.

9. Sorensen will produce for inspection the non-privileged documents provided to Ole Sorensen by his counsel Boris Zelkind, identified at the March 7 deposition of Mr. Sorensen, no later than **May 14, 2007**. Any documents withheld for privilege will be identified on a privilege log at the time of production.

10. Sorensen will provide supplemental responses to B&D's RFA Nos. 141, 168, 195, 222, 249, 276, 303, 330, 357, 384, 441, 438, 466, 495, 523, 551, 579, 607, 635 and 663 and admit or deny whether the reference identified in the request is prior art to the '184 patent no later than **May 14, 2007**.

11. B&D's motion to compel further responses to additional Requests for Admission is taken under submission and the Court will issue a separate order on this matter.

**IT IS SO ORDERED.**

DATED: May 9, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge