UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION, a Maryland corporation, et al.<br><br>Defendants.<br><br>And related counterclaims. | Civil No.   06cv1572-BTM (CAB)<br><br>**ORDER REGARDING DEFENDANT'S THIRD SET OF REQUESTS FOR ADMISSIONS** |

Before the Court is Defendant Black & Decker's ("B&D") motion to compel amended answers to Defendant's Third Set of Requests for Admission, Nos.140-688 ("Third Set of RFAs") propounded on Plaintiff Sorensen Research and Development Trust ("Sorensen"). B&D submitted its moving papers directly to chambers on April 30, 2007. Sorensen submitted its response directly to chambers on May 3, 2007. The Court held a discovery hearing on the issue on May 7, 2007. Michael Kaler, Esq., and Melody Kramer, Esq., appeared for Plaintiff. Raymond Niro, Jr., Esq., Dina Hays, Esq., Greg Casimer, Esq., and Allison Goddard, Esq., appeared for Defendant B&D. Bob Bender, Esq., appeared for Defendants Phillips Plastics Corp and Hi-Tech Plastics ("Phillips"). Having considered the submissions of the parties and the arguments of counsel, the motion to compel is **DENIED** without prejudice.

///

**Black & Decker's Third Set of Requests for Admissions**

Sorensen initially objected to the Third Set of RFAs served by B&D on the basis that it exceeded the number allowed by Local Rule 36.1. The Court overruled this objection in light of the parties' stipulation in their discovery plan to allow an unlimited number of RFAs. [Doc. No. 81.] On April 24, 2007, Sorensen served supplemental responses to the Third Set of RFAs. B&D contends that these supplemental responses are still inadequate and request that the Court compel further responses from Sorensen.

B&D's Third Set of RFAs consists of a set of approximately 27 admissions applied to 20 references identified by B&D. For each reference Sorensen is asked to: (1) admit the issue or publication date of the reference; (2) admit the reference is prior art to the patent at issue, United States Patent No. 4,935,184 ("the '184 patent"); and (3) admit that the reference discloses the elements of Claim 1 of the '184 patent. The Court addresses each category of admissions below.

**(1)  Issue or publication date of the reference**

Subject to a general objection to the incorporation of definitions by reference to other documents and a specific objection that the requests were burdensome and oppressive, Sorensen admitted in its supplemental response the issuance dates of each U.S. Patent reference identified by B&D (RFA Nos. 140, 167, 194, 221, 248, 275, 302, 329, 356, 383, 410, 437, 464, 465, 492 and 493). Sorensen did not admit the issuance/publication dates of the foreign references identified by B&D. Sorensen responded that it did not have ready access to public record information from which the response could be obtained, and therefore, took the position it could neither admit nor deny the requests regarding publication dates of the foreign references. (RFA Nos. 521, 522, 549, 550, 577, 578, 605, 606, 633, 634, 661 and 662). The references are not before the Court, so the sufficiency of the objection cannot be ascertained. The parties are, therefore, **ordered to meet and confer on these requests no later than** <u>**June 5, 2007**</u>, and B&D may renew its motion for amended answers to these requests if the objections cannot be resolved and B&D contends the objection is unjustified.

///

///

**(2)  Whether the reference is prior art to the patent at issue**

Sorensen was ordered on May 9, 2007, to provide supplemental responses to B&D's RFA Nos. 141, 168, 195, 222, 249, 276, 303, 330, 357, 384, 441, 438, 466, 495, 523, 551, 579, 607, 635 and 663 and admit or deny whether the reference identified in the request is prior art to the '184 patent. [Doc. No. 120.]

**(3)  Whether the reference discloses the elements of Claim 1 of the '184 patent**

As for the remaining requests, Sorensen is asked to admit that each element of Claim 1 of the '184 patent is disclosed in the 20 references. Sorensen is instructed to construe any terms of Claim 1 used in the RFA "according to the contentions made by Plaintiff in its prior filings in this case." Sorensen objected to each request on the basis that the requests seek a "pure legal opinion, specifically, claim construction of a patent not at issue in this case" and are "vague because the technical terms used are not defined."

RFAs may be used to obtain any non-privileged evidence relevant to the claim or defense of any party. Whether a reference constitutes prior art and discloses the invention of the patent at issue in the case is relevant evidence. Sorensen objects, however, arguing that these RFAs would require that it provide claim construction of patents not at issue in this case. This is not correct. What a reference discloses is a question of fact and not a matter of claim construction. Discerning what a reference teaches does not require Sorensen to construe the claims of each reference.

Whether the references disclose the claimed invention, however, does require applying the appropriately construed claims to the references. The '184 patent has not yet been subject to a claim construction hearing. B&D instructs Sorensen to apply constructions of the '184 patent that Sorensen has advanced in this case to what the references disclose. Sorensen objects that this instruction is vague. The Court agrees. Further, requests seeking to elicit a party's claim construction position shall not be made prior to the timetable provided by the Local Rules. Patent L.R. 2.5. Until the claims of the '184 patent have been construed, a request asking Sorensen to admit that the elements of the '184 patent are disclosed by a certain reference is premature. Accordingly, B&D's motion to compel amended answers to the Third Set of RFAs is **DENIED**

without prejudice, except as otherwise outlined above.  After claim construction, B&D may renew the requests applying the appropriately construed claims to the references and requesting Sorensen admit or deny that the element is disclosed by the reference.

      **IT IS SO ORDERED.**

DATED:  June 1, 2007

                                                **CATHY ANN BENCIVENGO**
                                                United States Magistrate Judge