# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>THE BLACK AND DECKER CORPORATION, et al.<br><br>Defendants. | CASE NO. 06cv1572 BTM (CAB)<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF LACHES [Doc. #55];**<br><br>**(2) SETTING BENCH TRIAL AND PRETRIAL SCHEDULE ON DEFENDANTS' CLAIMS OF LACHES AND EQUITABLE ESTOPPEL;**<br><br>**and**<br><br>**(3) SETTING CLAIM CONSTRUCTION HEARING** |

I.      Defendants' Motion for Summary Judgment of Laches

On June 13, 2007, the Court held a hearing on Defendants' motion for summary judgment of laches. For the reasons set forth on the record, the motion is **DENIED**. As was explained, material issues of fact remain in dispute including, but not limited to: (1) whether Defendants suffered economic prejudice that is related to any delay by Plaintiff in filing suit, as it is not clear that Black & Decker's DeWalt product line expansion had not been conceived and launched prior to the receipt of Plaintiff's initial letter alleging infringement; (2) whether Plaintiff had constructive knowledge of Defendants' continued production of

allegedly infringing products, as there is conflicting evidence regarding the ease with which one could determine whether any particular product employs an infringing process in its manufacturing; (3) whether Black & Decker made misrepresentations, via Dennis Dearing in a 1995 meeting, regarding any other products similar to the allegedly infringing DW962 and Black & Decker's intention to phase-out production of that one model; and (4) whether the laches period should relate back to the mid-1990s for much of Black & Decker's current line of accused products, as it is unclear whether these products employ a materially different manufacturing process from the one previously discussed with the '184 patent holder. These and other disputed material issues of fact preclude the granting of summary judgment at this point.

II.   Bench Trial on Laches and Equitable Estoppel Defenses

Since material facts remain in dispute with respect to Defendants' defense of laches, the Court will proceed to a trial on this issue. As the parties agreed during the June 13 hearing, laches and Defendants' other asserted defense of estoppel are equitable defenses and, therefore, they are tried to the Court, not a jury. In addition, they can be bifurcated from the rest of the trial proceedings relating to infringement. Danjaq LLC v. Sony Corp., 263 F.3d 942, 961-63 (9th Cir. 2001); see also Fed. R. Civ. P. 39(b), 42(b). Accordingly, a **bench trial** will occur on Defendants' equitable defenses, and no other issues, beginning **December 17, 2007 at 9:00am**. The parties are directed not to limit their presentations at the trial to only those issues of material fact identified above as remaining in dispute.

For the purposes of that trial only, the Court will assume infringement on the part of Defendants. See Danjaq, 263 F.3d at 962. However, in deciding these equitable defenses, the Court will need to determine whether there has been any showing of *willful* infringement on the part of Defendants that would act as a "counterdefense" to laches. Id. If any party feels that the Court's determination of the willfulness issue presents a problem for any jury trial proceedings that would take place subsequently, they may make an appropriate motion to the Court to reconsider the decision to bifurcate the equitable portion of the trial **within 30**

**days of entry of this order**. If no such motion is received, the Court will consider the issue waived for all purposes going forward.

A **pretrial conference** will be held on **November 26, 2007 at 2:00pm**. Except to the extent specified herein, the parties are directed to comply with the rules for pretrial proceedings set out in Local Civil Rule 16.1(f), including filing of memoranda of contentions of fact and law. The parties are directed to submit a joint proposed pretrial order seven (7) days in advance of the pretrial conference, by **November 19, 2007**, rather than five days in advance as specified in CivLR 16.1(f)(6)(b). In addition, the pretrial order need not take the form specified in CivLR 16.1(f)(6)(c). Rather, it should include the following:

1. A statement, not in excess of one page, of the nature of the case and the claims and defenses.

2. A list of the equitable defenses to be tried, referenced to the allegations in the Complaint to which they pertain. For each defense, the order shall succinctly list the elements of the defense. If Defendants choose not to proceed upon the equitable estoppel defense, that defense will be waived going forward.

3(a). A list of each witness that counsel actually expects to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

3(b). A list of each expert witness that counsel actually expects to call at trial with a brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

3(c). A list of additional witnesses including experts that counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

4(a). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit.

4(b). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

5. A statement of all facts to which the parties stipulate. The parties are directed

to meet with the assigned magistrate judge to work out as many stipulations of fact as possible.

6. A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial. The proponent of the deposition shall prepare a copy of all portions to be read or played to the Court.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order.

III. Claim Construction Hearing

Plaintiff has argued that construing the claims of the '184 patent in advance of the bench trial will be beneficial to the Court in deciding upon Defendants' equitable defenses. As Defendants have not objected to this procedure, the Court hereby sets the claim construction hearing in this matter for **October 31, 2007 at 9:00am**. As will be set forth more fully in a forthcoming order from Magistrate Judge Bencivengo, the hearing, and associated claim construction proceedings, will be handled jointly with the parties to Sorensen v. Tecnica USA Corp. (06cv1941) because the '184 patent is at issue in both matters.

**IT IS SO ORDERED.**

DATED: June 20, 2007

_____
Hon. Barry Ted Moskowitz
United States District Judge