UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>                                   Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION, a Maryland corporation, et al.<br><br>                                   Defendants.<br><br>And related counterclaims. | Civil No.   06cv1572-BTM (CAB)<br><br><br>**ORDER FOLLOWING 7/5/07<br>DISCOVERY CONFERENCE** |

On July 5, 2007, the Court held a telephonic discovery conference. Michael Kaler, Esq. and Melody Kramer, Esq., appeared for Plaintiff Sorensen Research and Development Trust. Raymond Niro, Esq., Dina Hayes, Esq., and Allison Goddard, Esq., appeared for Defendant Black & Decker. Robert Binder, Esq., appeared for Defendants Phillips Plastics and Hi-Tech Plastics. Having considered the submissions of the parties and the arguments of counsel, IT IS HEREBY ORDERED:

1. Plaintiff's motion for an order to compel discovery regarding its allegations of willful infringement and Black & Deckers affirmative defense of equitable estoppel is continued until **July 26, 2007**. The parties have until **July 20, 2007** to request reconsideration of the Court's decision to bifurcate the equitable portion of the trial. The motion is premature in light of the Court's deadline and will be addressed, if

necessary, following the motion cut-off.

2. Plaintiff's motion for an order requiring Defendant Black & Decker to supplement its privilege log regarding the company affiliations of the persons listed on the log is DENIED. Plaintiff is not precluded by this Order from raising challenges to the privilege asserted with regard to specific log entries based on the information provided by Defendant.

3. Due to the complexity of the case, the limit on the number of depositions that may be noticed by each side in the litigation is increased to a total of 20 per side. Any party may seek leave to take additional depositions upon a showing of good cause.

4. Defendant Black & Decker will provide the Court, no later than **July 23, 2007**, documents 2-6 on its privilege log for *in camera* review in relation to the Court's finding of a Joint Defense Privilege between Defendants Black & Decker and Phillips Plastics.

5. Defendant Black & Decker's motion to suspend discovery with regard to accused products PC 423 MAG; PC9750; PC 747; and 148530, is DENIED. The parties will continue to meet and confer to determine whether these products should properly remain in this litigation.

6. Defendant Black & Decker's motion to limit discovery to Black & Decker (U.S.) Inc., is DENIED.

7. Defendant Black & Decker's motion to compel production of documents responsive to its Second Set of Requests for Production, Nos. 57, 62 an 63, is GRANTED IN PART, and DENIED IN PART. The motion is DENIED as to Request No. 57, and GRANTED as to Requests Nos. 62 and 63, as follows: Plaintiff shall identify to Defendant all patents and applications (pending and abandoned) that are continuations, continuations in part, divisionals or foreign equivalents of the '184 patent no later than **July 19, 2007**. Plaintiff shall produce all non-privileged documents from the file wrappers for each identified patent or application no later than **August 16, 2007**. If the volume of the documents necessitates additional time for review and production, Plaintiff may seek

|   |   |   |
|---|---|---|
| 1 |   | modification of the production deadline on **July 26, 2007**. |
| 2 | 8. | Plaintiff's request that Black & Decker be required to re-designate its financial |
| 3 |   | information disclosed as "Confidential - Counsel's Eyes Only," to "Confidential" is |
| 4 |   | DENIED. |
| 5 | 9. | Defendant Black & Decker's request that the Court appoint a discovery referee in this |
| 6 |   | matter is DENIED. The parties, however, have jointly requested a regular forum with |
| 7 |   | the Court to assist in the resolution of discovery matters. Therefore, the Court will hold |
| 8 |   | telephonic discovery conferences with the parties on a biweekly schedule as follows: |

- **July 26, 2007**, from **noon to 1:00 p.m.**
- **August 10, 2007**, from **2:00 to 3:00 p.m.**
- **August 24, 2007**, from **2:00 to 3:00 p.m.**
- **September 7, 2007**, from **noon to 1:00 p.m.**
- **September 21, 2007**, from **2:00 to 3:00 p.m.**
- **October 5, 2007**, from **2:00 to 3:00 p.m.**
- **October 19, 2007**, from **2:00 to 3:00 p.m.**
- **November 2, 2007**, from **2:00 to 3:00 p.m.**
- **November 16, 2007**, from **2:00 to 3:00 p.m.**

The parties are required to meet and confer before each conference and submit a joint statement by **5:00 p.m.** the **Wednesday preceding the telephonic conference** concisely setting forth any discovery disputes between the parties. If there are no disputes for the Court to address, the parties shall submit a joint statement the preceding Wednesday so stating and requesting the conference by vacated for that specific week.

DATED: July 6, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge