1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11

JENS ERIK SORENSEN, as trustee of
SORENSEN RESEARCH AND
DEVELOPMENT TRUST,

Civil No.    06cv1572-BTM (CAB)

12

13

Plaintiff,

**ORDER FOLLOWING 8-10-07
DISCOVERY CONFERENCE**

v.

14

THE BLACK & DECKER CORPORATION, a
Maryland corporation,

15

16

Defendant.

17

On August 10, 2007, the Court held a telephonic conference to address disputes presented

18

in the parties Joint Statement of Discovery Issues submitted directly to chambers on August 8, 2007.

19

Melody Kramer, Esq., appeared for plaintiff.  Dina Hayes, Esq., and Allison Goddard, Esq., appeared

20

for defendants Black & Decker Corporation; Black & Decker Inc.; Black & Decker (U.S.) Inc.; and

21

B& D Holdings (jointly "the B&D defendants") and for Porter-Cable Corporation and Vector Products

22

Inc (jointly "Vector defendants").  Robert Binder, Esq., appeared for defendants Phillips Plastics and

23

Hi-Tech Plastics Inc.  Having considered the submissions of the parties and the arguments of counsel,

24

the Court issues the following order.

25

1.       The B&D defendants' motion for a protective order is withdrawn based on the

26

parties' agreement that as between defendant Black & Decker Corporation and plaintiff Sorensen, the

27

number of Requests for Admission ("RFAs") may not exceed 758.  As between all other defendants

28

and plaintiff, the local rule limiting RFAs to 25 will apply.  To the extent any party has served RFAs

1

06cv1572

1    that still require responses, the served RFAs may be withdrawn and new service may be made in

2    compliance with the limits set forth in this paragraph.

3         2.    Vector Products' motion for a protective order relieving it from responding to

4    discovery related to the accused Husky product until plaintiff inspects the product's manufacturing

5    facility is denied.  Discovery responses are due **August 17, 2007.**  The denial of the protective order

6    does not prohibit the responding party from stating timely, good faith objections to specific requests.

7         3.    The motion brought on behalf of Porter-Cable for a protective order relieving it from

8    responding to discovery related to the accused Porter-Cable products until plaintiff inspects the

9    products' manufacturing facility(ies) is denied without prejudice as moot.  No discovery has been

10   propounded on Porter-Cable so the request is premature.

11        4.    Black & Decker Corporation identified two documents listed on its privilege log

12   (Doc. Nos. 50 and 158), withheld for privilege but otherwise responsive to plaintiff's Request for

13   Production (Set 11) No. 155.  Plaintiff challenges the designation of privilege as to these two

14   documents.  Black & Decker Corporation will submit them to the court for *in camera* review

15   regarding the claim of privilege no later than **August 17, 2007.**

16        5.    Black & Decker Corporation will re-designate corporate and organizational charts

17   produced under the Protective Order "Confidential - Counsel Eyes Only" to "Confidential." Requests

18   for further re-designation may be addressed to the court on a document-by-document basis following

19   a good faith meet and confer.

20        6.    Plaintiff's request that the confidential designations to the entire deposition

21   transcript of William Bruner be removed is denied without prejudice.  Plaintiff may make specific

22   requests to remove confidential designations regarding specific testimony following a good faith meet

23   and confer.

24        7.    Plaintiff's request for supplemental discovery responses regarding the location of

25   manufacturing of Porter-Cable products is deemed withdrawn without prejudice based on defendants'

26   representation the information is being provided by August 10, 2007.

27        8.    Plaintiff's request for a deposition date of Robert Dealey is deemed withdrawn

28   without prejudice, based on the parties' representation that a date has been scheduled.

06cv1572

1    9.    Defendants' request that plaintiff provide a status report on the production of the

2    file history of the '505 application is deemed withdrawn without prejudice, based on plaintiff's

3    representation that the file history has been provided to defendants and plaintiff is on schedule to

4    complete file wrapper production by **August 16, 2007.**

5    10.    Pursuant to Local Rule 5.2, plaintiff was required to file promptly with the Clerk's

6    Office proof of service of the First Amended Complaint on Porter Cable Corporation.  Plaintiff is

7    instructed to promptly comply with the Local Rule and serve a copy of the documents filed with the

8    Clerk's Office on defendants.

9    11.    With regard to plaintiff's request for "reconsideration/clarification" relating to the

10   finding of a Joint Defense Agreement, the court denies the request for reconsideration and reiterates

11   that the documents reviewed *in camera* corroborate the testimony of Robert Beck that Black & Decker

12   and Phillips agreed on December 2, 1994, to work jointly in defense of the patent infringement claims.

13   Further, the Court finds no inherent discrepancy in parties providing notice to preserve

14   indemnification claims while simultaneously agreeing to work jointly to investigate and defend against

15   infringement allegations.  No further "clarification" will be provided regarding this matter.

16   **IT IS SO ORDERED.**

17

18   DATED:  August 13, 2007

19   _____

20   **CATHY ANN BENCIVENGO**
     United States Magistrate Judge

21

22

23

24

25

26

27

28

06cv1572