# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>                Plaintiff,<br>vs.<br><br>THE BLACK & DECKER CORPORATION, *et al.*,<br><br>                Defendants. | CASE NO. 06cv1572 BTM (CAB)<br><br>**ORDER:**<br><br>**(1) OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER FILED MAY 9, 2007 [Doc. #135];**<br><br>**and**<br><br>**(2) GRANTING IN PART PLAINTIFF'S REQUEST FOR SUPPLEMENTAL PROTECTIVE ORDER** |

## INTRODUCTION

Plaintiff objects to Magistrate Judge Bencivengo's May 9, 2007 order compelling the production of all correspondence and communications with actual or potential licensees of the '184 patent [Doc. #120]. For the reasons discussed below, Plaintiff's objection is **OVERRULED**. Plaintiff's further request for a supplemental protective order is **GRANTED IN PART**.

## BACKGROUND

Plaintiff Jens Erik Sorensen (SRDT) and the Black & Decker Defendants (BDC) have been engaged in a prolonged struggle over the discovery of facts related to methodologies

of valuing licenses to use the '184 patent. On January 11, 2007 the Magistrate Judge entered an order compelling SRDT to produce any license agreements involving the '184 patent [Doc. #50]. On April 9, 2007, SRDT was further ordered to "produce non-attorney client privileged documents describing the factual support for the terms of the executed license agreements, specifically any documentation reflecting formulas or analysis of how the license rate was determined." [Doc. #81 at 2.] SRDT argues that it complied with the April 9, 2007 order by specifying that there were no documents responsive to this order for production outside of an agreement already produced. (Confidential Declaration of J. Michael Kaler Re: License Formula and Calculations ¶ 9, Ex. I.)

It is apparent from the record that neither BDC, nor the Magistrate Judge, were satisfied with this response. On May 9, 2007 the Magistrate Judge issued an order compelling SRDT to produce, not just the documentation referred to in the April 9, 2007 order, but also "all correspondence and communications with actual or potential licensees of the '184 patent, from 1994 to the present . . . ." [Doc. #120.]

Plaintiff SRDT seeks, under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), to have the Magistrate Judge's order reversed by this Court. Plaintiff further requests that this Court issue a Supplemental Protective Order totally preventing the discovery of correspondence with actual and potential licenses under Fed. R. Civ. P. 26(c)(7).

## DISCUSSION
### I. PROPRIETY OF DISCOVERY ORDER

Under 28 U.S.C. § 636(b)(1)(A), "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

In support of their objection under § 636(b)(1)(A), SRDT first contends that the Magistrate Judge erred by granting sanctions without explicitly finding SRDT in contempt. This argument is of little merit given that the May 9, 2007 order makes no mention of sanctions in regard to the production of correspondence and is not necessarily predicated

1 upon a finding of contempt.

2     Plaintiff SRDT also contends that this correspondence has no probative value relating
3 to the present proceedings.  It is obvious from the pretrial record that the Magistrate Judge
4 disagrees with SRDT's position.  When the Magistrate Judge issued her order regarding
5 discovery issues on January 11, 2007, she made clear her position on the relevance of
6 information regarding other licensees of the '184 patent: "The patent at issue is subject to
7 licenses, and Defendant is entitled to investigate the terms of those licenses." [Doc. #50 at
8 1.]  Again, with the April 9, 2007 order, the Magistrate Judge specified the focus of the
9 ordered production as "any documentation reflecting formulas or analysis of how the license
10 rate was determined." [Doc. #81 at 2.]

11     It is also apparent from the record that, among the license agreements and
12 documentation that SRDT has produced, little of it has been responsive to the purpose stated
13 in the April 9, 2007 order.  (See Confidential Declaration of J. Michael Kaler Re: License
14 Formula and Calculations ¶ 4-7).  This Court sees no reason to disagree with the direction
15 and findings of the Magistrate Judge regarding the stated purpose, focus and method for
16 accomplishing discovery in this matter.  Even if this Court were to disagree with the
17 Magistrate Judge's findings regarding the propriety of the requested discovery, "under the
18 'clearly erroneous and contrary to law' standard . . . [a] reviewing court may not simply
19 substitute its judgement for that of the deciding court." Grimes v. City and County of S.F.,
20 951 F.2d 236, 241 (9th Cir. 1991).  Moreover, "[b]ecause a magistrate is afforded broad
21 discretion in the resolution of non-dispositive discovery disputes, the court will overrule the
22 magistrate's determination only if this discretion is abused." Comeau v. Rupp, 142 F.R.D.
23 683, 684-85 (D. Kan. 1992).  Finding no abuse of discretion in this case, the Court declines
24 to overrule the Magistrate Judge's determination.

25

26     **II. ADEQUACY OF PROTECTIVE ORDER**

27     Additionally, SRDT objects that the Magistrate Judge failed to consider the balance
28 of potential harms to SRDT of producing all correspondence with potential licensees against

the benefit to the proceedings of this trial. Plaintiff cites <u>Brown Bag Software v. Symantec Corp.</u>, in which the Ninth Circuit explained:

> On the one hand, parties seeking discovery are entitled to all information "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1) - an intentionally broad mandate. On the other hand, responding parties are entitled to protection from "undue burden" in discovery, including protection from misuse of trade secrets by competitors. Fed. R. Civ. P. 26(c).

960 F.2d 1465, 1470 (9th Cir. 1992).

This Court agrees with Plaintiff's contention that the production of correspondence with potential licensees, under the current protective order, creates an unnecessary risk of misuse of Plaintiff's confidential information. Though this case involves a protective order preventing the use of confidential documents for any purpose other than in connection with this litigation, the production of all correspondence with potential licensees puts opposing counsel in a position to possibly interfere with the relationships between SRDT and potential licensees.

The protective order issued on December 12, 2006 specifically allows, under paragraph 23, the discussion of any confidential materials with "anyone if that person already has or obtains legitimate possession thereof." [Doc. # 43.] Thus, the protective order could be construed as allowing BDC to make contact with potential licensees of the '184 patent and discuss the terms of their license negotiations with SRDT. This potential is unduly prejudicial toward SRDT's business interests and is unrelated to the litigation between SRDT and BDC.

Furthermore, in Black & Decker's Confidential Opposition, it specifically lists the disputed production as likely to "identify the availability of non-infringing alternative processes . . . ." [Doc. #167 at 1.] Though this is very likely to be in the interest of BDC, the purpose of this litigation is not to enable BDC to out-maneuver the patent possessed by SRDT. Such illegitimate use of discovery responses, particularly confidential correspondence, would be in violation of the protective order already submitted to by both parties.

Federal Rule of Civil Procedure 26(c)(7) allows a court to make an order to protect confidential information in order to ensure that it not be revealed except in the manner

designated by the court.  The Court finds that it will be necessary to enlarge the protections outlined in the current protective order in order to adequately protect Plaintiff from any disclosure of highly sensitive information to third parties.  However, Plaintiff's requested protection, prohibiting the discovery of any and all correspondence with licensees and potential licensees, is too broad to be construed as necessary.  Additionally, such broad protection would necessarily frustrate the purposes of discovery established by the Magistrate Judge's orders as discussed above.

In light of this, the Court enters the following protective order.  All information produced in response to the Magistrate Judge's May 9, 2007 order shall not be shared or discussed with anyone outside of the parties to this litigation, designated counsel, and any retained experts on the issue of license/royalty fees, who shall be bound by these same protections.  It is not permissible for BDC, or any agent of BDC, to contact anyone outside of the parties to this litigation regarding or in response to any of the information produced.  No other use of the produced information is permitted without express prior approval from this Court.  Defendants and their counsel may apply to the Court for a modification of this order. BDC and its counsel shall take all necessary steps to ensure full compliance with this order.

### CONCLUSION

Therefore, in accordance with the foregoing reasoning, Plaintiff's objection is **OVERRULED**.  Plaintiff's further request for a supplementary protective order is **GRANTED IN PART**, according to the terms set forth above.

**IT IS SO ORDERED.**

DATED:  August 27, 2007

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge